**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| HECTOR HERNANDEZ, : <br> 3406 Holly Creek Drive, Apt. 3E : <br> Laurel, MD 20724 : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> CHECKR, INC., : <br>  : <br> Serve: Daniel Yanisse, Registered Agent : <br>       12 Steiner Street, : <br>       San Francisco, CA 94117 : <br>  : <br> Defendant. : <br> _____: | Civil Case No. 17-1139 |

**COMPLAINT**

The Plaintiff, Hector Hernandez, and for his Complaint against the Defendant, he states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA"). Defendant is a consumer-reporting agency that compiles and maintains files on consumers on a nationwide basis. It then sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make decisions regarding prospective applicants.

2. Plaintiff applied for employment with Uber in February 2016. In connection with

his application, Uber requested a consumer report from Defendant. The consumer report provided by Defendant to Uber was grossly inaccurate and contained a felony conviction that did not belong to Plaintiff for purportedly possessing between 5 and 50 pounds of marijuana. As a result of this inaccurate report, Uber denied Plaintiff for employment. Accordingly, Plaintiff alleges a claim under 15 U.S.C. § 1681e(b) of the FCRA, which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer report.

## JURISDICTION

3.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) and LR 501(4)(b)(i) as Plaintiff, the only Maryland resident, resides in this division.

## PARTIES

4.     Plaintiff is a natural person and a "consumer" as defined by the § 1681a(c) of the FCRA.

5.     Defendant Checkr, Inc. ("Checkr" or "Defendant") is a Delaware limited liability company with a principal place of business in San Francisco, California. Defendant sells consumer reports on a wholesale basis and, thus, Defendant is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

6.     In February 2016, Plaintiff applied to be a driver with Uber, Inc. ("Uber").

7. In connection with this employment application, Uber procured a consumer report from Defendant on February 22, 2016.

8. The information contained in the consumer report was based on criminal record information gathered and assembled by Checkr.

9. Defendant's report about Plaintiff included information about a felony conviction from Texas that did not belong to Plaintiff. The criminal record indicated that Plaintiff had a felony conviction for purportedly possessing between 5 and 50 pounds of marijuana.

10. This conviction did not belong to Plaintiff, who has never lived or worked in Texas.

11. Uber forwarded the inaccurate and defamatory Checkr report to the State of Maryland as part of Plaintiff's application for a Transportation Network Operator or "TNO" license.

12. The State of Maryland refused to provide Plaintiff with the necessary TNO licenses because of the criminal record that appeared in the Checkr report about Plaintiff.

13. Plaintiff spent months trying to get the State of Maryland to reconsider so he could have the opportunity to provide for his family and infant daughter.

14. Upon information and belief, this inaccurate reporting was caused by Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer reports it published and maintained regarding Plaintiff.

15. If Defendant had reasonable procedures (or any procedures whatsoever), it could have easily determined that the information in Plaintiff's consumer report belonged to another person with a similar name. Indeed, Plaintiff never lived or worked in the states where the criminal convictions occurred.

16. Moreover, according to the underlying court records, the name associated with the criminal conviction was "Hector David Hernandez-Garcia."

17. However, upon information and belief, despite multiple lawsuits and complaints notifying Defendant of the inadequacies of its procedures, Defendant continues to use lax thresholds and overly broad matching criteria to match public record data to the consumer reports that it furnishes to third parties.

18. At all times relevant hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Defendant's conduct was willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Defendant and other consumer reporting agencies have been subject to court decisions critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports.

## COUNT I - FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

19. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

20. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

21. As a result of Defendant's conduct, Plaintiff suffered actual damages including but not limited to: denial of the opportunity to drive for Uber, lost wages, damage to his reputation,

embarrassment, humiliation and other mental and emotional distress.

22. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

23. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant pursuant to §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

>                      Respectfully Submitted,
>                      **HECTOR D. HERNANDEZ**
>
>                      By: __/s/ Kristi C. Kelly_____
>                             Of Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone:  703-424-7576
Facsimile:  703-591-0167
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiff*